UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CORINE TERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00157-JPH-MJD |
| | ) |
| HARRISON TOWNSHIP ASSESSORS OFFICE, | ) |
| VIGO COUNTY AUDITORS OFFICE, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Corine Terrell alleges that Defendants violated her First Amendment rights by changing the tax status of her property. Dkt. 1. Defendant Vigo County Auditor's Office has filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. [8]. For the reasons explained below, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendant has moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts the facts in the complaint as true. *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Terrell owns the property located at 2200 Wabash Avenue, Terre Haute, Indiana ("the Property"). Dkt. 1 at 8. The Property is used as a church and has been tax-exempt since it was established as a church in 1925. *Id.* In

1

2016, Defendants changed the tax status of the Property from tax exempt to a commercial theatre. *Id.*

Ms. Terrell filed this action *pro se* seeking "immediate relief for taxation," "for the property to remain tax exempt," and monetary damages. *Id.* at 8. The Auditor filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkt. 8. Ms. Terrell did not respond.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor. *Id.*

## III.
## Analysis

The Auditor argues that the Court must dismiss this case for lack of subject matter jurisdiction. Dkt. 9. Ms. Terrell has not replied.

The Court does not need to determine whether dismissal is warranted under the Tax Injunction Act, 28 U.S.C. § 1341, because "the comity doctrine bars taxpayers from asserting § 1983 claims against 'the validity of state tax systems' via federal lawsuits." *Perry v. Coles County, Illinois*, 906 F.3d 583, 588 (7th Cir. 2018) (quoting *Fair Assessment in Real Estate Ass'n v. McNary*, 453

U.S. 100, 116 (1981)). Under well-established principles of comity, it is "the duty of federal courts to cede litigation seeking to enjoin state tax statutes to the state court." *Id.* at 587. Accordingly, taxpayers must "seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." *Id.* at 588. An available state-court remedy is "plain, adequate, and complete" if it involves a "full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax." *Id.* (citations and quotations omitted).

Indiana law allows a taxpayer to seek review of a property tax assessment by the County Property Tax Assessment Board of Appeals, *see* Ind. Code § 6-1.1-15-1.2, and to appeal any adverse finding to the Indiana Board of Tax Review, *see* Ind. Code § 6-1.1-15-3. If a taxpayer remains unsatisfied after these administrative review processes, she may seek judicial review with the Indiana Tax Court. *See* Ind. Code § 6-1.1-15-5. From there, a taxpayer may seek transfer to the Indiana Supreme Court and may then petition the Supreme Court of the United States for certiorari.

Here, Indiana law provides Ms. Terrell a plain, adequate, and complete remedy to contest her property tax assessment, and Ms. Terrell does not allege that she has pursued any of these remedies or that they are insufficient. *See* dkt. 1; *see also Scott Air Force Base,* 548 F.3d at 521.

Although comity is a "doctrine of abstention, rather than a jurisdictional bar," "comity nonetheless provides a basis to dismiss a limited class of federal lawsuits." *Perry*, 906 F.3d at 591 n.4. The Court finds comity the appropriate

3

basis to dismiss this lawsuit.  *See also A.F. Moore & Associates, Inc. v. Pappas*, 948 F.3d 889, 896 (7th Cir. 2020) (analyzing Indiana taxation remedies under the Tax Injunction Act which "operates similarly to" the doctrine of comity).

## IV.
## Conclusion

Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  Dkt. [8].  Plaintiff has **through October 1, 2021**, to show cause why final judgment consistent with this order should not be entered.

**SO ORDERED.**

Date: 8/27/2021

Distribution:

CORINE TERRELL
1463 Plum Street
Terre Haute, IN 47804

James A. Bruggenschmidt
BUCHANAN & BRUGGENSCHMIDT, P.C.
jab@bbinlaw.com

David P. Friedrich
WILKINSON GOELLER MODESITT WILKINSON AND DRUMMY
dpfriedrich@wilkinsonlaw.com

James Patrick Hanlon
United States District Judge
Southern District of Indiana